UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00064-SEP |
| | ) |
| COLIN M. LIND, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

1. **PARTIES**

The parties are the defendant Colin M. Lind, represented by defense counsel ~~George Gedulin~~ *William Marsh for with al*, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the defendant's voluntary plea of guilty to Count I of the Indictment, the Government agrees that no further federal prosecution of the Defendant will be brought in this District relative to the defendant's conduct underlying the charge in the Indictment of which the Government is aware at this time.

The parties agree that the U.S. Sentencing Guidelines recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties

1

understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document. The Government agrees to request a sentence within the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties agree that the defendant may request a sentence within or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request by the defendant to request a sentence below the U.S. Sentencing Guidelines range will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the recommendation of the parties.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: an Apple iPhone 11 Pro cellphone and an Apple MacBook Pro laptop computer. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.  **ELEMENTS**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 1470, and admits there is a factual basis for the plea and further fully understands that

the elements of the crime of Transfer of Obscene material to a Minor which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly transferred (2) using any means or facility of interstate or foreign commerce, including by computer or internet (3) obscene material, (4) which was material that the average person, applying contemporary community standards, would find is erotic, appeals to a degrading, unhealthy or morbid interest in sex or that describes ultimate sexual acts, excretory functions, masturbation and that lacks serious literary, artistic, political or scientific value, (5) to an individual (6) who the defendant believed had not attained the age of sixteen (16) years.

4. **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The investigation that led to the present federal indictment began on August 13, 2021, when the Frontenac Police Department was contacted by the father of a juvenile whose initials are M.W.  M.W. was born in 2006 and was fifteen years of age at the time of the defendant's crimes. Her father reported that M.W. was sent, via the internet, nude photographs of an adult male's genitalia, which she received on a cellular telephone.  In an interview with police, the father of M.W. further advised that while on vacation in Marco Island, FL from July 30, 2021, until August 8, 2021, he and his family stayed at the Marriott Crystal Shores Hotel, located in Marco Island, FL.  During the course of his family's vacation, they met the defendant and his family.

On August 10, 2021, M.W.'s cellphone began receiving text messages from the defendant's cellular telephone number.  A review of the content of the text messages exchanged between M.W. with user of this number clearly identified the user to be the defendant.  In these

text message exchanges, the defendant asked fifteen-year-old M.W. to send him pictures of herself on multiple occasions. In one of the text-message exchanges, the defendant states to M.W. "you turn me on so much!!" The defendant also sent M.W. two photos of his genitalia while he was located in a bathroom of the hotel. During the vacation, the defendant got physically close to M.W. while they were in the ocean.

On September 29, 2021, the defendant was interviewed by FBI agents in San Marcos, CA. The defendant confirmed that M.W. and his fourteen-year-old son S.L. became friends on their vacation in San Marco Island. The defendant admitted to communicating with M.W. via his cellular telephone in Florida and once his family had returned to California from their vacation. The defendant explained that he used a Google Voice phone number to communicate with M.W. so that M.W. did not have his real cellular telephone number. The defendant explained that he did not want M.W. to have his real number because M.W. was "clingy." The defendant eventually admitted to law enforcement that he sent M.W. photographs of his penis from the hotel bathroom. He described that it was a "cloud in judgment." The defendant also admitted that he asked M.W. for pictures as well, which he said he did in a "euphoric state." The defendant said he masturbated three times while talking to M.W. and twice in one day while thinking about M.W. The defendant claimed to law enforcement that he felt horrible and guilty after he sent M.W. pictures of his penis because M.W. was not his wife, because of M.W.'s age and because M.W. was into his son. Nonetheless the defendant continued to attempt to contact M.W. even after he returned from

vacation. The defendant told FBI agents that he watches pornography once per week and that he uses fake names on Yahoo Chat to talk to people in a sexual manner and to masturbate.

M.W. Has disclosed that on or between July 30, 2021, until August 8, 2021, in Marco Island, FL, the defendant on at least two occasions placed his hand on the genitals of M.W.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5.  **STATUTORY PENALTIES**

The defendant fully understands that for Count I, the maximum possible penalty provided by law for the crime of Transfer of Obscene Material to a Minor, to which the defendant is pleading guilty, is imprisonment of not more than ten years, and a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three years.

Additionally, per 18 U.S.C. § 3013, the defendant fully understands that the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

The defendant is pleading guilty with full knowledge of these statutory penalties and assessments and has discussed them with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different sentence or assessment than recommended by the parties.

6.  **U. S. SENTENCING GUIDELINES (2018 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that may apply.

a.  **Chapter 2 Offense Conduct:**

(1) **Base Offense Level:** The parties agree that the base offense level is 10, as found in Section 2G3.1(a).

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)  The Government contends and the defendant reserves the right to contest that seven (7) levels should be added pursuant to §2G3.1(b)(1)(E), because the offense involved distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, and

(b)  The parties agree that two (2) levels should be added pursuant to §2G3.1(b)(3), because the offense involved the use of a computer or an interactive computer service.

b.  **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:**

The parties agree that two (2) or three (3) levels should be deducted pursuant to Section 3E1.1(a). if third point and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently

known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

    c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is either 10 or 16.

    d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

    a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant to a term of imprisonment within or above the Sentencing Guidelines range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to

8

sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

      c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

    These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

      d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total

of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  e. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant further agrees that the juvenile victim in this case was harmed directly and proximately by the offense committed by the defendant and that she sustained loss as a result of the offense committed by the defendant in an amount to be ultimately determined by the Court. The defendant agrees to pay restitution to the victim in an amount to be determined by the Court and pursuant to Title 18, United States Code, Sections 3663 and 3663A.

  f. **Forfeiture**: The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

  In pleading guilty, the defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried

10

by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. §

11

4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly,

threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

_4.5.23_
Date

_____
Jillian S. Anderson
Assistant United States Attorney

_4/5/23_
Date

_____
Colin M. Lind
Defendant

_4/5/23_
Date

_____
William Marsh
Attorney for Defendant

14